SHEPHERD, J.,
concurring.
I concur in the decision of the majority in this case. I write only to clarify the reasons for my concurrence.
This case arises out of the burglary of a video store, located in Hialeah, Florida, on April 4, 2006. The next morning, Detective Francisco Verdera was assigned to investigate the crime. Verdera was the sole witness at the suppression hearing.
Verdera testified that upon assignment, he and his partner responded to the crime location to speak with the owner. They also viewed a security video of the crime. The video showed three burglars were given entry to the business premises by a former employee, identified by the business owner as Maria Lorelys. Lorelys surreptitiously had obtained the keys to the business from a current manager after she was fired.
The detectives proceeded to Lorelys’ home. Upon being told she had been taped facilitating the burglary, Lorelys confessed her misdeeds and identified two of her three accomplices, Armin Dominguez and an individual she knew only by first name, Yoander. She was unable to name the third accomplice. She knew where Armin lived, having gone with him to his house after the burglary, and she agreed to take the detectives to the location. She also told them Armin drove a blue X-type Jaguar. Finally, she provided the detectives positive identification of Ar-min through a driver’s license photo obtained by the detectives.
After Lorelys identified Armin’s house, the detectives established surveillance at the location. The record does not indicate whether Lorelys remained at the scene; however, two back-up units and a total of at least six officers and detectives set up around the house. About an hour later, Armin arrived, driving the Jaguar. An unidentified male was in the passenger seat. After pulling into the driveway, Ar-min quickly backed out and sped off. Detective Verdera testified he believed Armin had detected the presence of a nearby sergeant’s vehicle “[who] hadn’t taken up a very good position.” Upon Verdera advising all units that Armin was in the fleeing Jaguar, the assembled officers and detectives gave chase, stopped and blocked the Jaguar a short distance away.
*80 Verdera further testified that after the Jaguar was stopped, Armin and the unidentified passenger were “ordered out of the car at gunpoint” and “secured.” After both suspects were secured, without the use of handcuffs, the officers visually inspected the vehicle and immediately observed the weapon and other remnants of the burglary in the back, in plain view.[5] The passenger then was patted down, and asked to identify himself. He identified himself as Yoander, the same name Lore-lys gave when identifying the second of the three men who co-perpetrated the burglary.
“Probable cause” is defined as “a reasonable ground of suspicion supported by circumstances strong enough in themselves to warrant a cautious person in the belief that the named suspect is guilty of the offense charged.” Johnson v. State, 660 So.2d 648, 654 (Fla.1995)(citing Dunnavant v. State, 46 So.2d 871 (Fla.1950)). As the name implies, its application depends on probabilities deduced from “the legal, factual and practical considerations of everyday life, taken in context, on which reasonable and prudent men, not legal technicians, act.” Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). It exists where “facts and circumstances within [an arresting officer’s] knowledge of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that” a crime has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925); see generally Phillip A. Hubbart, Making Sense of Search and Seizure Law: A Fourth Amendment Handbook, 187 (2005).
In our case, there is no question a sufficiently individualized showing of wrongdoing by Armin at the time he was ordered out of his vehicle for arrest existed. Although the authorities did not know the identity of the passenger in the vehicle or why he was in the car with Armin, the fact that Armin sought to elude the authorities by flight provided sufficient justification for the police to order both the driver and the passenger out of the car at gunpoint. See D.N. v. State, 805 So.2d 63, 65 (Fla. 3d DCA 2002) (citing Maryland v. Wilson, 519 U.S. 408, 412-15, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997)). His further detention was justified upon discovery of the contraband. See State v. Hunter, 615 So.2d 727, 734 (Fla. 5th DCA 1993) (concluding law enforcement’s observation of contraband, following the initial stop of the suspect, supported a finding of reasonable suspicion to continue the detention, and ultimately, probable cause to arrest). Zaldivar’s confirmation of his identity was the last piece needed to complete the probable cause puzzle.

. The exact testimony on this point, given by Detective Verdera on direct examination, is as follows:
Q. Now, what happened upon your stopping the vehicle?
A. Did a felony stop, made them exit the vehicle. Once they were secure, we did like a visual inspection because there were firearms involved in the burglary.
In the back seat in plain view, clear windows, we had the shotgun. We had a ski mask on the floor of the vehicle, and we had the box they had taken. It was a box with I think between $200, $300 that they had taken from the business the night before. It was there on the floor, also.